OPINION. HarROn, Judge: It is agreed that the instrument executed by the petitioner and his former wife was incident to their divorce and comes within the scope of section 22 (k); that the payments which the petitioner was obligated to make for his wife’s support, under the agreement, are deductible under sections 23 (u) and 22 (k) ; and that the payments for the support of the children are not deductible. The issue involves construction of the agreement to determine the amount of the payments for the support of the former wife for the purpose of claimed deductions under section 23 (u). The petitioner paid his former wife for her support, exclusive of his payments for the support of their children, the sums of $4,238 and $4,392 in 1945 and 1946, respectively. The ultimate question is whether the entire amount of the foregoing payments is deductible in each year, or whether some part thereof represents a future allowance for the children, and is therefore not deductible. It is concluded that the petitioner is entitled to deduct, under sections 23 (u) and 22 (k), the total amounts of $4,238 and $4,392 in 1945 and 1946. The respondent’s determination is reversed. The question is controlled by the provisions of subparagraph B of the agreement, and the provisions in subparagraph F must be construed by reference to subparagraph B. Under subparagraph B, the total payments of the petitioner for the support of both the divorced wife, Mary, and the children is allocable 70 per cent to Mary and 30 per cent to the children, the proportion which 35 per cent and 15 per •cent bears to 100 per cent. If subparagraph F imposes an obligation upon Mary to save everything above $200 per month out of the total net payments for the support of both herself and the children, her share of $200 is $140 (70 per cent), and the children’s share is $60 (30 per cent). She will •accordingly save, after taxes, the amount out of her support payments which will represent the excess over $140 per month, and she will save out of the support payments for the children the excess above $60 per month. If and when it becomes necessary to draw upon the savings fund, her share thereof will be 70 per cent and the share of the children will be 30 per cent. The foregoing constitutes, in our opinion, a complete answer to the respondent’s concern, and shows that there is no merit in his contention. The provision in subparagraph F does not change the basic provision in subparagraph B that the indicated proportion of petitioner’s total payments is for the support of his former wife. The provision in subparagraph F can be carried out by applying the arithmetic proportions which are indicated by subparagraph B. It may be pointed out further that the evidence in this proceeding shows that the provision relating to savings in subparagraph F was intended by the petitioner to be a suggestion to Mary of the advisability of saving some part of both classes of payments for future needs. The income of the petitioner was likely to vary from year to year. If the petitioner was ill, or was out of a job, or fared poorly, the amounts of both classes of payments would diminish. It was the petitioner’s intent to impress upon his divorced wife that it would be prudent for her to establish savings during years when both types of payments under the agreement were more than the total amount which he considered to be an adequate monthly allowance for the support of both herself and the children, namely, $200. The provision was in the nature of a recommendation, and it did not change the character of the payments which the petitioner was required to make under sub-paragraph B. See 1 Bogert, Trusts and Trustees, section 48 (1951); 1 Scott, The Law of Trusts, section 25 (1939). Decision will be entered for the petitioners.